# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| MARK SANFORD | CIVIL ACTION NO. 3:11-cv-0859 |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| SHERIFF BOB BUCKLEY, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

Pro se plaintiff Mark Sanford filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on June 8, 2011. When he filed the complaint, plaintiff was incarcerated at the Union Parish Detention Center (UPDC), Farmerville, Louisiana. He complained that he was assaulted by another inmate on May 24, 2011, and he prayed for "... an investigation into this matter and relief..." Plaintiff sued Union Parish Sheriff Bob Buckley, UPDC Warden Adams, and Shift Commander Warren; he also sued his assailant, Jimmy Mitchell. On June 30, 2011 plaintiff moved for permission to proceed *in forma pauperis.* His motion was mailed from what appears to be a residential address in West Monroe, Louisiana; however, plaintiff asserted in the motion that he was incarcerated at UPDC and his application was certified by the jail's accounts officer. [Doc. 5] On July 5, 2011, his motion to proceed *in forma pauperis* was granted, and notice of that fact was mailed to plaintiff at UPDC. [Doc. 6] On July 19, 2011, the undelivered notice was returned to the Clerk of Court with the notation "Return to Sender, Attempted Not Known, Unable to Forward". [Doc. 7]

On August 19, 2011 plaintiff was directed to amend his complaint to provide additional information. [Doc. 8] That order was mailed to plaintiff at UPDC, the last known address supplied by plaintiff. On August 29, 2011, the order was returned marked, "Undeliverable as Addressed –

Unable to Forward." [Doc. 9] Plaintiff has not contacted the Court since June 30, 2011, the date he submitted his application to proceed *in forma pauperis*.

### *Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). Further, Local Rule 41.3 of this District provides in part, "The failure of ... [a] pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days." More than 30 days have elapsed since correspondence to plaintiff was returned as undeliverable and plaintiff has yet to apprise the court of his current whereabouts.

The undersigned finds that dismissal at this time will probably result in the loss of the cause of action due to prescription. In other words, the applicable statute of limitations will probably bar plaintiff from re-filing the instant suit. Thus, dismissal at this juncture will effectively constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff

exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.*

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As discussed above, plaintiff has ignored a Rule of this court and failed to keep the court apprised of his current whereabouts. Further, he has made no attempt to contact the court since June 2011 when he submitted his application to proceed *in forma pauperis*. Since plaintiff is proceeding *in forma pauperis*, it is unlikely that he enjoys sufficient means to fund a lesser, monetary sanction. Moreover, dismissal of the case may be the least sanction where, as here, there is every indication that plaintiff no longer wishes to pursue his cause of action. Finally, plaintiff's failure to abide by court rules must be personally attributable to him as a *pro se* litigant.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed**

legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Monroe, Louisiana, October 12, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE